1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MERRICK JOSE MOORE,

11              Plaintiff,                    No. CIV S-06-1747 GEB EFB P

12         vs.

13   T. FELKER, Warden,
                                              ORDER AND FINDINGS
14              Defendant.                    AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  On September 15, 2006, plaintiff

17   filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff has

18   submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly,

19   the request to proceed *in forma pauperis* will be granted.

20          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

21   1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without

22   funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).

23   Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's

24   income credited to plaintiff's prison trust account.  These payments shall be collected and

25   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

26   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    On August 8, 2006, plaintiff filed an application for a writ of habeas corpus pursuant to

2  28 U.S.C. § 2254, which this court construes as a civil complaint for relief pursuant to 42 U.S.C.

3  1983, as the petition concerns "jail or prison conditions"[1] and the underlying claim is concerned

4  only with conditions of plaintiff's incarceration and not with the fact or duration of his

5  underlying conviction.

6    The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

8  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

9  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

10  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

11  § 1915A(b)(1),(2).

12    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

18  Cir. 1989); *Franklin*, 745 F.2d at 1227.

19    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

20  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

21  support of the claim or claims that would entitle him to relief.  *Hishon v. King & Spalding*, 467

22  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt

23  Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

24  this standard, the court must accept as true the allegations of the complaint in question, *Hospital

25  
26    [1] See plaintiff's August 8, 2006, filing on form for petition for writ of habeas corpus, page two.

1   *Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light

2   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,  *Jenkins v.*

3   *McKeithen*, 395 U.S. 411, 421 (1969).

4           In his filing, plaintiff claims that High Desert State Prison is violating his

5   constitutional rights because he is housed 800 miles away from his family.  Inmates do not have

6   a constitutional right to be housed at a particular facility or institution or to be transferred, or not

7   transferred, from one facility or institution to another.  *Olim v. Wakinekona*, 461 U.S. 238, 244-

8   48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore*, 948 F.2d 517,

9   519 (9th Cir. 1991) (per curiam).  Nor does an inmate have a constitutional right to any

10  particular classification.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*,

11  833 F.2d 1316, 1318 (9th Cir. 1987).  Alleged deprivations of rights arising from prison

12  officials' housing and classification decisions do not give rise to a federal constitutional claim

13  encompassed by the Fourteenth Amendment.  *Board of Regents v. Roth*, 408 U.S. 564, 569

14  (1972).  State statutes and regulations give rise to an interest protected by the Fourteenth

15  Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant

16  hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*,

17  515 U.S. 472, 483 (1995).  Inmates have no federal constitutional right to particular procedures

18  established by state law.  *Toussaint v. McCarthy*, 801 F.2d 1080, 1096-97 (9th Cir. 1986).  On

19  the basis of these authorities, the court finds that plaintiff's allegations concerning classification

20  and housing fail to state a Fourteenth Amendment claim upon which relief may be granted.

21          Accordingly, the court hereby ORDERS that:

22          1.  Plaintiff's request to proceed *in forma pauperis* is granted;

23          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

24  shall be collected and paid in accordance with this court's order to the Director of the California

25  Department of Corrections and Rehabilitation filed concurrently herewith.

26  ////

1    For the foregoing reasons, it is further RECOMMENDED that this action be dismissed

2  for plaintiff's failure to state a claim.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)

3  (indigent prisoner proceeding without counsel must be given leave to file amended complaint

4  unless the court can rule out any possibility that the plaintiff could state a claim).

5    These findings and recommendations are submitted to the United States District Judge

6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

7  after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

11  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12    So ordered.

13  Dated: November 15, 2006.

15  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE